## Cornell *et ux. versus* Lovett's Executor.

A testator directed a sum of money to be secured on his real estate, upon the sale thereof by his executors, and the annual interest of it to be paid to his widow during her life or widowhood; and provided that if she should marry again, such yearly bequest should cease and terminate; and the principal sum so secured should be distributed, with the residue of his estate, among the grandsons of the testator; the widow accepted under the will, and subsequently contracted a second marriage: *Held,* that the condition was not void, and that on the marriage of the widow, her right to the annual payment of such interest determined.

ERROR to the Common Pleas of *Bucks county.*

This was an amicable action on the case by Abraham Cornell and Christiana his wife, in right of the said Christiana, against Washington Mathews, executor of Samuel Lovett, deceased, wherein the parties agreed upon a case stated for the opinion of the court, in the nature of a special verdict.

The facts are fully stated in the following opinion, delivered in the court below, by SMYSER, P. J.:—

"Samuel Lovett, by his last will and testament, proven on the 1st day of June 1859, after giving to his wife Christiana certain articles of household property, ordered his executors to sell the rest of his property, real and personal, at public sale, and directed the proceeds to be distributed in the manner following: 'I give to my wife Christiana the sum of $400; I also give to my said wife Christiana the yearly sum of $75, it being the annual interest of $1500 at five per cent., to be paid to her by my executors, yearly and every year during her life or widowhood. But should my said wife Christiana marry again, at any time after my decease, *then* the said yearly bequest of $75 shall then cease and terminate, and the said principal sum of $1500, on which the yearly sum of $75 was raised, shall be distributed as hereinafter directed; and I order my executors to secure the said sum of $1500 by bond and mortgage, on my plantation in Warwick, *when sold,* to remain there at five per cent. interest, during the life or widowhood of my wife Christiana.' Then, after certain legacies to his grandchildren, by name and amount, he further directed as follows: 'And at the marriage or decease of my wife Christiana, I order my executors to distribute the above-mentioned sum of $1500 among my above-mentioned grandsons then living, share and share alike; *and the residue of my estate,* after deducting just debts, funeral expenses, costs of administration, and legacies above mentioned, I order to be divided among the heirs of Jonathan Roberts, deceased, share and share alike.' The executors sold the property agreeably to the directions in the will, and the $1500 was invested in the Warwick property, as directed, on

[*Cornell et ux. v.* Lovett's Executor.]

bond and mortgage, the condition of the bond being for the payment of $1500, on the marriage or death of Christiana, widow of Samuel Lovett, deceased, with interest at five per cent. per annum. The widow accepted under the will, and received the interest on the $1500 up to the 29th of January 1859, when she married Abraham Cornell. The annual interest fell due on 1st April of each year.

"The question submitted to the court is, whether Mrs. Cornell is entitled to receive from the executor the sum of $12.50, being the interest accruing between the date of her marriage and the 1st of April 1859, and the object of the parties is to have it decided by the court, whether the second marriage of the widow forfeited her right to the annual interest aforesaid, or whether the bequest thereof to her is absolute. In the argument of this question, much learning was displayed on the point made by plaintiff's counsel, that the provision in question is in improper restraint of marriage; that it is a condition, and not a mere limitation of the widow's interest; that it is *in terrorem;* and for all or any of these reasons, void and inoperative, and the legacy to the wife absolute. But whether the qualification annexed is to be rejected as a limitation or condition, or a conditional limitation only, can, as I conceive, make no difference in the case, when we bear in mind that there is a distinct, unmixed, unqualified limitation over, to the other legatees named, of the *corpus* of the legacy to the wife, on the happening of the contingency intended to be provided against, to wit: her second marriage. It may be that the words, 'But *should* my said wife marry again,' then the bequest to her to cease and terminate, amount to a condition subsequent; but the direction immediately following, that the $1500, set apart at interest for her, is then to be distributed as thereinafter directed, and the subsequent direction, that on the marriage or death of his said wife, the said $1500 should go equally to his grandsons, will give effect to it even as a condition, and terminate her interest in accordance with the manifest design and wish of the testator. This position, I think, is fully borne out by the authorities, which have been gradually, both in England and in this country, receding from the rigour of the *civil law* on this subject, which rigour became at an early day engrafted on the *common law* also, and from that was transfused into the English courts of equity. The common law soon recognised it, as appears from the fact that it never extended to devises of real estate, over which the ecclesiastical law never had any control, but which were subject to its own jurisdiction exclusively. Even the rule of the civil law became relaxed in the course of time, so that we are told in *Swinburne* that it was finally settled, that conditions which did not directly or indirectly import an absolute injunction to celibacy, were good: *Swinb.* part 4, § 12. It was a consequence of this relaxation,

⌊Cornell *et ux. v.* Lovett's Executor.⌋

that *particular* restraints on marriage in testamentary dispositions of personal property, came to be recognised and enforced. Such were conditions requiring or prohibiting marriage with particular persons; Perryn *v.* Lyon, 9 *East* 170; or limiting marriage to particular families; 1 *Bro. C. C.* 55; or upon and subject to the consent and approbation of some one designated, as a condition precedent, without limitation over; Hemmings *v.* Munckley, 1 *Bro. C. C.* 30; Stackpole *v.* Beaumont, 3 *Vesey* 89; or *subsequent*, where there is a limitation over of the legacy: Reynish *v.* Martin, 3 *Atkyns* 331. The English cases in regard to conditions subsequent in restraint of marriage, seem to have settled down to this, that if there is no limitation over on breach of the condition, nor throwing of the legacy into the residuum disposed of, or if the legacy is simply reduced on the happening of the event, or the disposition over is none other than the law itself would have made, had there been none, then the restraint shall be considered as *in terrorem* only, is void, and the bequest absolute: 3 *Meriv.* 120; 3 *Atkyns* 364–7; 2 *Vent.* 352; 2 *Bro. C. C.* 431, 489. Nor will a mere *residuary* bequest amount to a disposition over; for there may be a residue without the particular legacy: and therefore, *non constat*, that the testator designed it to form parcel of the residue, and pass with it to the residuary legatee. There may be a disposition of the residue, and still none of the legacy.

"But if there is a disposition over, by express limitation to another, on the failure or breach of the condition, the condition shall be enforced *in his favour and for his benefit; not*, as Lord HARDWICKE remarked, in Wheeler *v.* Bingham, 3 *Atk.* 367, that the *intention* is the ground on which effect is given to the condition, but the right of a third person; the being given over and vesting in that third person, if the condition is not performed. See the cases collected in 1 *Roper on Legacies*, ch. 13, § 2. And so, if the legacy on failure of the condition, is cast into the residue, and there is a residuary clause in regard to that; for that will be a virtual limitation over of the particular legacy. See same book, pages 530, 531, and 553–558, being subdivision *a.* 6 of § 2, ch. 13. In like manner do we find the law stated in *Williams on Personal Property*, 290: ' When a gift is made with a condition that it shall be forfeited, if the donee marry without the consent of certain trustees or other persons, the difference between the law of real and personal estate becomes conspicuous. If the gift be of real estate, or of money charged on real estate, it will cease in the event of marriage without consent. But if it be a bequest of personal property, the condition is regarded as merely *in terrorem*, and void, *unless accompanied by a bequest over to some other person, on the marriage taking place without consent*, so that the legatee will be entitled to retain

[Cornell *et ux. v.* Lovett's Executor.]

the legacy, notwithstanding his or her marriage without consent, unless on that event it be expressly given in some other manner.' In note (1,) same page, it is stated : ' A condition in restraint of marriage is void, therefore, when it is annexed to a legacy without a *limitation over ;* but if there is a limitation over, *the condition is good.'* And the cases in our own state hereinafter noticed from 3 *Wharton* 583, 10 *Barr* 77 and 350, 10 *Watts* 350, are cited, as well as the case of Parsons *v.* Winslow, 6 *Mass.* 169. In the last-named case, Judge SEDGWICK makes the following remark : ' To this rule' (the one *in terrorem* above stated) ' there is an exception, that such condition shall be effectual, if the subject of the devise or bequest be given over, so as to create an interest in another person. To give it effect, the giving over to a third person must be an express giving over of the particular devise or legacy, unincorporated with any other subject, and it must also be immediate to take effect at the time of the marriage.' Both these last-named conditions are met by the case before us.

" Our Pennsylvania cases are remarkably full and explicit on this subject. The first one I shall direct attention to is that of Walker *v.* Quigg, 6 *Watts* 88, where there was a devise to a widow of testator's real and personal estate, with power in the nature of a trust, to manage it at her discretion, as far as is consistent with the welfare of the children of the testator ; then followed a provision that in case she should marry again, she should have no greater right in his estate than one of the children. The widow married a second time, and the condition was held effectual, and her trust estate in the property, under the first clause referred to, declared to be forfeited thereby. In Bennett *v.* Robinson, 10 *Watts* 350, although that was a case of devise of real estate, and therefore depending on a different principle and rule than a mere bequest, yet Chief Justice GIBSON, in the first sentence of his opinion, recognises the effect of a limitation over in the latter case, when he says : ' By the civil law, a condition in restraint of marriage is void when it is annexed to a legacy *without a limitation over ;* a devise of land is governed by the common law.' The same remark may be made of McCullough's Appeal, 2 *Jones* 197, which was also a devise of land to the widow, with a condition or conditional limitation, that in case she married, she was to move off the premises and deliver them up to the executors ; and there was a devise over of the farm to his son William, charged with payment of certain legacies ; and in saying that a limitation over is not necessary to give effect to such a devise, the distinction between the civil law in regard to bequests, and the common law in relation to devises, is again, by clear implication, recognised. In McIlvaine *v.* Gethen, 3 *Wh.* 584, Judge KENNEDY distinctly recognises the English rule in regard to personal bequests, saying that ' whenever the testator directed that the legacy, in the event of a breach

[Cornell *et ux. v.* Lovett's Executor.]

or non-performance of the condition, should go over to another legatee, the condition became available and obligatory; not, however, because it was to be more favoured or countenanced in such case than in others, but because it was thought that the court was bound to protect the interests of the party in whose favour the ulterior limitation was made,' and cites Wheeler *v.* Bingham, from 3 *Atkyns,* in which Lord HARDWICKE, as already shown, expressed the same views. 'It is true,' he says (what we have seen the English authorities also say), 'that a mere gift of the residue to a particular person is not such a limitation over unless the legacy is also directed to fall into that residue on breach of the condition.' But that qualification has no application here, for the very legacy itself is expressly given over to the grandsons of the testator, on the second marriage of the widow, the primary legatee. McIlvaine *v.* Gethen also settles that a bequest of an annual sum to a widow, may be restrained to her marriage by words of conditional limitation. Nor is Hoopes *v.* Dundas, 10 *Barr* 75, an authority against this position, for there the condition in restraint of marriage was absolute and no bequest over of the legacy, but only a gift of the residue without any direction that the forfeited legacy should fall into and pass with it. Had there been a bequest over, the condition, although a condition subsequent, would have restrained the legacy to the wife. The doctrine was not denied by *Meredith,* who argued in favor of the widow; but he contended, and so the court thought, that the restraint imposed was a condition subsequent absolute, without limitation to any one else.

"But the case is with the defendant on another ground. If authority can settle anything in Pennsylvania, it must be taken as the settled law of the state, that in a devise of realty coupled with a condition in restraint of future marriage, effect will be given to the condition by making the breach of it work a forfeiture, whether there is a limitation over to another in that event or not. It is true that in a *Nisi Prius* case (Middleton *v.* Rice, 6 *Penn. L. J.* 230; s c. *Brightly* 88), the late Judge KENNEDY seemed to think that a devise of real estate upon a condition subsequent in general restraint of marriage would be void as to the condition; but in that view he is expressly overruled by the Supreme Court in The Commonwealth *v.* Stauffer, 10 *Barr* 356, as well as by the case of Bennett *v.* Robinson, 10 *Watts* 348, and McCullough's Appeal, 2 *Jones* 198. All these cases establish the general proposition in regard to a devise of land very clearly. I may refer further on the same point, if it can be necessary, to Phillips *v.* Medbury, 7 *Conn.* 568; Bailey *v.* Teakle, *Wythes R.* 173; Vance *v.* Campbell's Heirs, 1 *Dana* 229; Arnold *v.* Gilbert, 5 *Barb. S. C.* 191, and *Williams on Personal Property,* 291, note; also 1 *T. R.* 389.

[Cornell *et ux. v.* Lovell's Executor.]

" The same indeed is recognised in McIlvaine *v.* Gethen, 3 *Wh.* 586, for the case there was only brought under the rule of the civil law, on the ground that the annuity to the wife, instead of being charged *exclusively* on the real estate, was payable out of the personal as well as the real, and therefore subject to the same rule of decision as if it had been made payable out of the personal estate alone. Now, under Mr. Lovett's will, the annual payment to the widow is charged expressly and exclusively on the real estate, the Warwick property; and this, not as auxiliary upon failure of the personalty, nor depending upon a condition precedent never performed, but primarily and principally. Now, Reynish *v.* Martin, 3 *Atkyns* 333–5, is an authority directly in point, to show that in such a case, the same rule applies as if it were a devise of the land itself. *Williams on Personal Property* 290, states this to be the law on the authority last cited. McIlvaine *v.* Gethen is clear, that if the widow's annuity had been *charged* exclusively on the land, the condition would have been good, whether there was a limitation over or not. In Harvey *v.* Aston, 1 *Atkyns* 375, Mr. Justice COMYNS took a distinction between pecuniary legacies in a case like the present, and a portion charged on land; and Lord HARDWICKE, Chancellor, (page 379,) said that the portions arose out of land, and had nothing testamentary about them so as to bring them under the rule adopted by the ecclesiastical courts from the civil law, and therefore were not to be governed by the rules of the one not subject to the jurisdiction of the other, but were subject only to the rules of the common law. The same thing is found in Mansell *v.* Mansell, 2 *Bro. .C. C.* 473.

" In 1 *Story's Eq.* § 288, conditions annexed to a devise of real estate, or to a *charge* on real estate or to things savouring of the realty, are all placed on the same footing, and in the same category. To the same effect is *Fonblanque Eq.*, book 1, ch. 4, § 10, note (*q*), page 209, 3d Am. Ed.; also Stackpole *v.* Beaumont, 3 *Vesey* 98, note 4, where it is said, that 'where legacies are charged upon land, or the gift at all savours of the realty, and is coupled with a condition, that condition must be performed, and the trusts carried into execution with analogy to the common law;' and on the authority of Lord HARDWICKE, that 'portions *charged* on lands, do not vest till the *time of payment comes.*' And then his lordship goes on to state the rule, in such cases, in regard to a devise or bequest over, as I have given it above from Harvey *v.* Aston.

" In McCullough's Appeal, 2 *Jones* 197, and in Bennett *v.* Robinson, 10 *Watts* 550, both cases already cited, a devise of the profits of the land was held equivalent to a devise of the land itself. I cannot doubt that the legacy to the wife, being a charge on the land, would be subject to the condition annexed, the same

as if it were a devise of the land itself, even without a limitation over to the grandsons on breach of the condition—*à fortiori* is this the case, when there is such disposition over ; and that this last circumstance will make the condition effectual, even if the provision for the wife is regarded as a mere personal bequest. It follows, that on Mrs. Lovett's second marriage, she forfeited all right to a further continuance of the annual payments to her of her interest on the $1500 invested for her, *durante viduitate.* I therefore enter judgment in the case stated, in favour of the defendant."

To review this judgment, the plaintiffs sued out the present writ, and here assigned the same for error.

*DuBois,* for the plaintiffs in error, cited McIlvaine *v.* Gethen, 3 *Wh.* 575; Stackpole *v.* Beaumont, 3 *Ves.* 98; Morrow *v.* Brenizer, 2 *Rawle* 185; Martindale *v.* Warner, 3 *Harris* 477; Middleton *v.* Rice, 6 *Penn. L. J.* 229; Commonwealth *v.* Stauffer, 10 *Barr* 350; Perryn *v.* Lyon, 9 *East* 170; *Jarman on Wills* 843.

PER CURIAM.—By the very terms of this will, this widow's annuity ceased when she became married to her present husband, and that this condition is not void, is so abundantly proved by the learned judge of the Common Pleas, that we need add nothing to his opinion.

Judgment affirmed.