## Stover's Appeal.    St. Joseph's Hospital's Appeal.

1. A testator in Philadelphia gave to his nephew an annuity "chargeable upon and yearly payable out of my estate during his life. And I do further order, that said sum shall be paid to him in person only and upon his personal application therefor and to no other person for him; and in case the said (nephew) shall not for five years apply for the payment of the said yearly sum after the same shall become due, then I order each such annual sum uncalled for to become part of my residuary estate." The nephew died in California within five years after the testator's death, not having made personal application for the annuity. *Held*, that the payments which had accrued passed into the residue.

2. The intention of a testator gathered from the whole will prevails over technical rules.

3. The legacy was contingent upon the legatee's applying personally for it.

4. McClure's Appeal, 22 P. F. Smith 419, followed.

January 7th 1875.    Before Agnew, C. J., Sharswood, Williams, Mercur, Gordon, Paxson and Woodward, JJ.

Appeal from the Orphans' Court of *Philadelphia* : Of January Term 1873, No. 148.

Mason Hutchins died in Philadelphia on the 9th of October 1866, having made a will by which he bequeathed as follows :—

"Item. I give and bequeath unto my nephew, Mason Hutchins Darrach, an annuity of $1000, chargeable upon and yearly payable out of my estate for and during the term of his natural life; and I do further order and direct that the said sum shall be paid to him in person only, and upon his personal application therefor, and to no other person for him; and in case the said Mason Hutchins Darrach shall not for the space of five years apply in person for the payment of the said yearly sum after the same shall become due, then I order and direct each and every such annual sum uncalled for to revert to and become part of my residuary estate.

"Item. Subject to the above annuity, the yearly payment of which I do hereby expressly charge upon all my estate, I do give, devise and bequeath, all the rest, residue, and remainder of my estate, real, personal and mixed, of whatever nature or kind soever, and wheresoever the same may be situate, unto the St. Joseph's Hospital, at Philadelphia, their successors and assigns for ever.

"Lastly, I nominate and appoint Lewis Stover, attorney-at-law, to be executor of this my last will and testament."

Mason H. Darrach died in Oroville, California, testate, February 1st 1871, at which time the arrears of the annuity amounted to $3749.88. He did not make personal application at any time for all or any part of said arrears.

Thomas B. Darrach, administrator c. t. a. of Mason H. Darrach, petitioned the Orphans' Court, setting out as above stated; he also averred that St. Joseph's Hospital sold and conveyed the

ground-rents to Mr. Stover, the executor, who covenanted to pay the annuity to M. H. Darrach.

The prayer was that the court would decree that Stover, either as executor or purchaser of the ground-rents, should pay the petitioner the arrears of the annuity.

The executor, by his answer, admitted the truth of the statement in the petition, but averred that he was advised that Mason H. Darrach, not having made personal application for the annuity, the petitioner was not entitled to the relief prayed for; the respondent submitted also that the Orphans' Court had not jurisdiction in the premises.

The court, Ludlow, J., decreed that the executor pay to the petitioner the sum of $3749.88, the arrears of annuity, with interest, &c.

The executor and St. Joseph's Hospital appealed, and assigned for error, that the court erred:

1. In entertaining jurisdiction in the matter.
3. In decreeing payment of the arrears of the annuity.

*P. McCall*, for Stover.—If a legacy be even upon a condition subsequent and there is a gift over, the legacy will go to the subsequent legatee if the condition be not performed: 1 Jarman on Wills 807; Tanner *v.* Tibbatt, 2 Y. & C. 225. Even though the act to be performed becomes impossible by death or other causes over which the legatee has no control, the legacy is defeated: Swinbourne on Wills 4, sect. 6; Roundel *v.* Currer, 2 Brown C. C. 67; Tulke *v.* Houlditch, 1 Ves. & B. 248; Campbell *v.* McDonald, 10 Watts 179; Burgess *v.* Robinson, 3 Meriv. 7; Careless *v.* Careless, 1 Id. 384; Hawks *v.* Baldwin, 9 Sim. 355; Chambers *v.* Wilson, 2 Watts 495.

*W. L. Hirst*, for St. Joseph's Hospital, cited Gilliland *v.* Bredin, 13 P. F. Smith 397; Roberts' Appeal, 9 Id. 72; Seibert's Appeal, 1 Harris 503; Bayard *v.* Atkins, 10 Barr 15; McClure's Appeal, 22 P. F. Smith 417.

*G. Junkin*, for appellee, cited, as to the vesting of the legacy, Co. Litt. 144 *b*; Sidney *v.* Vaughan, 2 Brown's P. C. 347. The condition having become impossible by the act of God, the gift was absolute: Aislabie *v.* Rice, 8 Taunt. 459; Graydon *v.* Hicks, 2 Atkins 16: Culin's Appeal, 8 Harris 243.

Mr. Justice GORDON delivered the opinion of the court, February 8th 1875.

The controversy in this case arises out of the following item in the will of Mason Hutchins, deceased, to wit:

"Item, I give and bequeath unto my nephew, Mason Hutchins Darrach, an annuity of $1000, chargeable upon and yearly paya-

ble out of my estate, for and during the term of his natural life. And I do further order and direct, that the said sum shall be paid to him in person only, and upon his personal application therefor, and to no other person for him; and in case the said Mason Hutchins Darrach shall not, for the space of five years, apply in person for the payment of the said yearly sum after the same shall become due, then I order and direct each and every such annual sum uncalled for, to revert to and become part of my residuary estate."

. The testator died in the city of Philadelphia, on the 9th day of October 1866. The legatee died in California, February 1st 1871, never having made a personal application for the legacy.

The administrator of Mason H. Darrach's estate presented his petition to the Orphans' Court of Philadelphia, praying for an order or decree on Lewis Stover, the executor of Mason Hutchins, to pay over to the petitioner the arrears of said annuity, due and unpaid at Darrach's death.

The court below was of the opinion that the legacy was vested, in that the condition was annexed, not to the gift itself, but to the payment, and that as the condition became impossible, by the death of the donee, it was discharged, and the legacy became absolute. They therefore decreed the arrears thereof to the appellee.

In this we think the court erred. It is a cardinal canon in the construction of wills, that the intent of the testator, as gathered from the whole instrument, must prevail over merely technical rules.

It is our duty, then, to discover, if we can, what Mason Hutchins intended by this bequest. To this end we must first ascertain clearly what is meant by the term "vested" or "absolute" legacy. The books define it to be an immediate and fixed right in the gift, though the enjoyment thereof may be postponed to a subsequent period; a vested interest, which is transferable or transmissible; a present obligation, though it may be payable in the future : Evans' Lessee *v.* Davis, 1 Yeates 340 ; Fearne on Rem. 149.

Now taking the entire item of this will together, does it import such a bequest as that indicated in the above definitions, or is it so conditioned and restricted as to render it contingent ? Had the testator stopped with the first clause, no doubt could have arisen as to what he intended. It would then have been obvious that his nephew took a present right in the gift ; one which he could transfer or assign, or transmit to his next of kin, and one upon which his creditors could seize as the several payments became due. But the second clause so greatly qualifies the first as wholly to exclude the above-mentioned powers. Mason H. Darrach could certainly not transfer or assign his interest in the annuity, neither could his creditors attach it, or any of the payments thereof. Why is this, if it be not that the subsequent condition so qualiffes the precedent

[Stover's Appeal.]

gift that no present interest is left in the donee? Can it be, that one *sui juris* may have a vested interest in an estate, and yet, in the absence of any prohibition of alienation in the grant or will by which the estate arises, he may not be able to transfer or assign it? Now there is nothing in this will which, in terms, prohibits alienation. The want of such power, therefore, must arise from the character of the gift. The donee has no right to it, not only until the time arrives at which it is payable, but until he presents himself personally, and even then he cannot direct its payment to some one else, for it cannot be paid "to any other person for him."

We thus perceive that he has not the slightest control over the bequest until it is paid into his own personal hands. Does it not thus become patent that the plain intent of the testator was to make the second clause a condition, upon the performance of which only, the gift could vest? Would we materially alter the sense or spirit of the item were we to read it, "I give and bequeath to Mason H. Darrach an annuity of $1000, for and during the term of his natural life, to be paid to him only *when* he shall personally apply to my executor for the same." Yet this would, beyond controversy, make the legacy contingent: 2 Fearne on Rem. 142.

Surely, when we consider the close connection of the two clauses of the item, as indicated by the conjunctive word "and," and the words "the said sum shall be paid to him only, and upon his personal application therefor, and to no other person for him," we can construe the meaning of the testator in no other manner than that his donee should only be entitled to the gift *when* or *if* he applied personally therefor.

"If," says Justice Williams, in McClure's Appeal, 22 P. F. Smith 419, "the arrival of the time is a condition, without which the testator would not have made the bequests, * * * * then, in the very nature of the thing, the time is annexed to the substance of the gift; and if the condition or contingency does not happen the gift never arises."

Beyond peradventure, the time fixed for payment, in the present case, was when Mason H. Darrach should personally appear and demand it. We think further, that it is quite clear, that Mason Hutchins would never have made the bequest had he known that his nephew would never apply for it. If he has failed to make his intention clear upon this point, it is not for the want of emphatic language.

As to the point made on the power of the Orphans' Court to enforce the payment of legacies, we dispose thereof by referring to Dundas' Appeal, 23 P. F. Smith 474.

> The decree of the Orphans' Court is reversed at the cost of the appellee, and the petition of Thomas B. Darrach, administrator, is dismissed.

SHARSWOOD and PAXSON, JJ., dissented.