Decree affirmed and appeal dismissed at the costs of the appellants.

# Appeal of J. M. Gay Fairfax, et al.

A testator bequeathed a certain sum " unto each of the children of Robert Gay, of Aughedella, county of Tyrone, and Eliza, his wife, formerly Eliza Stewart, who may apply for the same within twelve months after my decease." In a codicil he directed, in explanation of said clause in his will, " that as to such of the children of Robert Gay as shall fail within twelve months of my decease to communicate, by writing, information of their existence and whereabouts to my executors, the legacy to them thereafter shall be treated as cancelled." Of the children of Robert Gay, three had died prior to the death of the testator, leaving children surviving them and him; upon these grandchildren applying to the executors, within the twelve months, to receive the shares of their parents. *Held,*

1. That the legacies did not vest in the children of Robert Gay at the death of the testator, but were contingent, application within twelve months being a condition precedent to their vesting.

2. That the Act of May 6th 1844 (Purd. Dig. 1476, pl. 15), did not enable the grandchildren to participate in the distribution.

March 30th 1883. Before MERCUR, C. J., GORDON, TRUNKEY, GREEN and CLARK, JJ. PAXON and STERRETT, JJ., absent.

APPEAL from the Orphans' Court of *Philadelphia county :* Of January Term 1883, No. 295.

This was an appeal by J. M. G. Fairfax, and others, children of deceased children of Robert Gay, from a decree dismissing their exceptions to, and confirming the adjudication in the matter of the account of the Pennsylvania Company for Insurance of Lives, etc., executors of the will of Scott Stewart, deceased.

The facts are set forth in the following adjudication, by PENROSE, J.

Scott Stewart, the decedent died June 27th 1881, unmarried and without issue. By his will and codicil, proved July

[Fairfax's Appeal.]

6th 1881, he gave numerous legacies as set forth in the analysis prepared by Mr. Jarvis Mason, trust officer of the said The Pennsylvania Company for Insurances on Lives, &c., hereto annexed.

The only question which arises is with regard to the gift by the testator of $2,000 to " each of the children of Robert Gay who may apply for the same, &c." The provisions with regard to this gift are as follows :

" Item 8. I give and bequeath unto each of the children of Robert Gay, of Aughedella, county of Tyrone, and Eliza, his wife, formerly Eliza Stewart, who may apply for the same within twelve months after my decease, the sum of two thousand dollars. And as their present respective residences are unknown to me, I order and direct that my said executors shall direct publication to be made for them in such newspaper as shall seem meet to them in their discretion to be made from time to time during the period of twelve months as to my executors shall seem expedient, and charge the expense of such publication to my estate. I order and direct that such publication among other papers selected by my said executors shall be made in newspapers published in Virginia and Kentucky."

The will containing this provision was executed November 1st 1877. By the codicil, dated June 21st 1879, it was declared as follows : " Second, in explanation of item 8, of my will, I further direct that as to such of the children of Robert Gay as shall fail within twelve months of my decease to communicate, by writing, information of their existence and whereabouts to my executors, the legacy to them thereafter shall be treated as cancelled."

In response to the advertisements published by the executors in compliance with the direction of the will, numerous applications have been made by persons claiming to be children or relations of Robert Gay. Without mentioning in detail, however, all the claims which have been so presented, it is only necessary to state who the persons are who, under any circumstances, can be entitled to demand payment under this provision of the will.

The facts found by the auditing judge upon the evidence produced before him are as follows : Robert Gay, with his wife, Eliza Stewart, who was a sister of Scott Stewart, the testator, removed from Ireland to America about the year 1832, bringing with them their five children, viz : Margaret, Sarah Jane, Anna, John, and Eliza, of whom Eliza, the youngest, was then about three years of age. The family first moved to Marietta, Ohio, and afterwards to Rushville, Schuyler county, Illinois. Robert Gay died in 1834, having survived his wife about two years.

· John Gay, the son, died in his eighteenth 'year, in Cincinnati, unmarried and without issue. Margaret Gay married Washington Fairfax, of Virginia; she afterwards died, leaving three children J. M. Gay Fairfax, Anna Fairfax, and Emma Fairfax now Emma K. Watson.

Sarah Jane Gay married James Neeson, of Richmond, Virginia; she afterwards died, leaving children, viz: Nina, now the wife of E. H. Smith, of Richmond, Virginia; Maria, now the wife of Thomas L. Michie, of Wheeling, West Virginia; Julia, Mattie and William Gay Neeson. Anna married Joseph Ketchum, of Illinois. She afterwards died, leaving three children, viz : Mary, now the wife of        Reed; Anna, now the wife of        Bowman, and George Ketchum.

The death of Mrs. Fairfax occurred in 1859; of Mrs. Neeson, August 23d 1867; and of Mrs. Ketchum, October 4th 1864.

Eliza Gay married Samuel A. Young, of Augusta, Hancock county, Illinois, where she now resides. She is the only child of Robert Gay, who was living at the time of the death of the testator.

The question which now presents itself is whether the gift is confined to children of Robert Gay, or whether it can be extended so as to include issue of deceased children. Messrs. Burton and Michie, who represented both Mrs. Young and the children above named of deceased sisters, argued with much force in favor of the claim of the latter, basing their argument chiefly upon the provisions of the Act of May 6th 1844, section 2, Purdon, page 1476, pl. 15, passed to prevent the lapse of a legacy to a brother or sister, nephew or niece in the case of the death of the legatee in the lifetime of the testator, but while much may be said in favor of the position taken, the auditing judge is of opinion that the act of Assembly does not help the children of a deceased child of Robert Gay, claiming in the present case.

In the first place it is perfectly well settled in case of a gift to " children" that grandchildren will not take unless there are no children : Dickinson *v.* Lee, 4 Watts 82 ; Hallowell *v.* Phipps, 2 Wharton 376; Theobald on Wills 138, &c. The claim of the grandchildren therefore rests solely upon the Act of Assembly. Had the gift been to the children of Robert Gay and Eliza his wife, generally, and without restriction or qualification, the Act would, as Robert Gay's children were nephews and nieces of the testator, have applied; and the issue of a nephew or niece dead at the time of the making of the will would have been entitled : Minter's Appeal, 4 Wright 114; Hook's Est., 10 W. N. 140. But the gift is not of this character. The language of the Act of Assembly is as follows: "No devise or leg-

acy hereafter made in favor of a brother or sister or the children of a deceased brother or sister of any testator, such testator not leaving any lineal descendants, shall be deemed or held to lapse or become void by reason of the decease of such devisee or legatee in the lifetime of the testator, if such devisee or legatee shall leave issue surviving the testator . . . . saving always to every testator the right to direct otherwise."

To avail themselves of this Act, the issue of a deceased nephew or niece must show an absolute unqualified gift to their parent, while here the gift is only to such of the " children of Robert Gay," &c., " who may apply for the same within twelve months after " the death of the testator, and who shall within that time " communicate by writing, information of their existence and whereabouts." There is no gift whatever to those " who shall fail " to so communicate, and the case is not affected by reason of the fact that such failure was because the person who would otherwise have been entitled had previously died. There being no gift to children of Robert Gay who might die in the lifetime of the testator, the Act of Assembly is inapplicable, and the issue of such children have no claim upon the estate.

It may be added, as further indicative of the intention of the testator, that in numerous instances he has provided that in case of the death of the party first entitled their " issue " or descendants shall take—thus showing that the gift to the children of Robert Gay, where any such provision was omitted, was intended to be purely personal and confined to the first takers, all of whom the testator had known in their childhood only while they resided in Ireland. . . . . A schedule of distribution will be prepared by counsel, $2,000 being awarded to Mrs. Eliza Young, sole surviving child of Robert Gay, under item 8 of the will, which, upon approval, will be annexed and made part of this adjudication, the issue of deceased children of Robert Gay being excluded from such distribution.

And now, November 16th 1882, the said account having been called as aforesaid, and no exception having been filed or presented thereto, it is ordered and adjudged that the same be confirmed nisi, and on payment of clerk's fees, and that payment and distribution be made as above indicated.

Exceptions filed by J. M. G. Fairfax and the other children of said deceased children of Robert Gay, on the ground of their exclusion from participation in the distribution, were dismissed by the court, and the adjudication confirmed ; whereupon the said exceptants took this appeal, assigning for error the dismissal of their exceptions and the decree confirming the adjudication.

*Arthur M. Burton* and *Thomas L. Michie*, for the appellants, cited :—Act of May 6th 1844, P. L. 565 ; Minter's Appeal, 4 Wright 111 ; Hook's Estate, 10 W. N. C. 140 ; May's Appeal, 5 Wr. 512 ; In re Stansfield, 15 L. R. Ch. Div. 84 ; Ramsay *v.* Shelmerdine, L. R. 1 Eq. 129, 134 ; In re Smith's Trusts, 9 Ch. Div. 117 ; In re Gibson's Trusts, 2 J. &. H. Ch. 656 ; Havergal *v.* Harrison, 7 Beav. 49. The condition of applying was a condition subsequent : Schieffelin *v.* Kessler, 5 Rawle 115 ; Murphy *v.* Broder, 9 Ir. R. C. L. 123, Exch. The legacies vested in the living children of Robert Gay, subject only to be divested by their failure to apply ; where the issue of deceased children applied there was no lapse or divesting : Rewalt *v.* Ulrich, 11 Harris 388 ; Mengel's Appeal, 11 P. F. S. 248 ; Amelia Smith's Appeal, 11 Harris 9 ; Fitzwater's Appeal, 13 Nor. 141, 146.

*John G. Johnson*, for the appellees.—If the parties to whose rights the appellants claim to be substituted had no rights, that is if they could not have taken if living, the appellants can take nothing. The legacy was conditional not only upon there being living children, but upon those children applying within the twelve months. The Act of 1849 was meant to further a supposed testamentary intent to benefit all of the blood of a predeceased legatee. In this will, however, no such intent being disclosed, the words do not lend themselves to the construction contended for.

Mr. Justice GORDON delivered the opinion of the court, May 21st 1883.

The appellants are the grand-nephews and nieces of the testator, Dr. Scott Stewart, and the grandchildren of Robert Gay, and his wife Eliza, formerly Eliza Stewart.

This contention arises in the manner following :—Dr. Stewart died in Philadelphia, on the 27th of June, 1881, leaving a will dated November 1st 1877. That part of the will, which is material to this case reads thus : " Item 8. I give and bequeath unto each of the children of Robert Gay, of Aughedella, county of Tyrone, and Eliza his wife, formerly Eliza Stewart, who may apply for the same within twelve months after my decease, the sum of two thousand dollars." There was also a codicil to this will, dated June 21st 1879, as follows : " Second, in explanation of item 8, of my will, I further direct that as to such of the children of Robert Gay as shall fail within twelve months of my decease to communicate, by writing, information of their existence and whereabouts to my executors, the legacy to them thereafter shall be treated as cancelled." On behalf of the appellants, it is contended, that they are entitled to take the bequests to their parents, by virtue of

the second section of the Act of May 6th 1844, in and by which the legislature speaks in this manner : " No devise or legacy hereafter made in favor of a brother or sister, or the children of a deceased brother or sister of any testator, such testator not leaving any lineal descendants, shall be held or deemed to lapse or become void by reason of the decease of such devisee or legatee in the life-time of the testator, if such devisee or legatee shall leave issue surviving the testator; but such devise or legacy shall be good and available in favor of such surviving issue, with like effect as if such devisee or legatee had survived the testator, saving always to every testator the right to direct otherwise." It is seriously contended that this part of the statute covers every point claimed by the appellants. " (a.) These are legacies in favor of the children of a deceased sister of the testator. (b.) The testator did not leave any lineal descendants. (c.) Four of the legatees died in the lifetime of the testator. (d.) Three of the deceased legatees have left issue surviving the testator ; viz., these appellants. (e.) The execution of the will was subsequent to the enactment of the statute, and hence subject to its provisions."

But the great and serious defect in this statement is, that it leaves out the material fact, that, at the time of the making of the will of Dr. Stewart, no devises or legacies were intended to vest in the parents of these appellants. In that will the intention of the testator is very clearly expressed, and such being the case, it is unnecessary for us to look to the books for authority on the question of construction, which, after all, must be determined by the words of the will itself.

If, however, we do so look, we shall find the rule to be, that where the devise, or bequest, is to such person or persons as shall live to a certain age, or shall sustain a certain character, or do a particular act, without any distinct gift to the whole class, preceding such restrictive description, so that the uncertain event forms part of the description of the person or persons who are to take, the devise or bequest is necessarily contingent : McBride v. Smyth, 4 P. F. S. 245.

Tried by this rule the case of the appellants utterly fails. That part of the will of Dr. Stewart under discussion, makes a present gift to no one, but only to particular persons who shall be in existence at the time of his own decease, and who shall personally make known their existence to his executors. The qualifications of the persons who are to take are three-fold ; they must be children of Robert and Eliza Gay ; they must be in being at the testator's death, and they must make personal application for the bequest. There is here no precedent devise to a class, but to individuals who are to have particular descriptions and qualifications, and who are required to do a par-

ticular act, and as these are all uncertain and contingent, the bequests are, and necessarily must be, of a like character.

Decree affirmed at costs of appellants.