## Whitman's Estate.

Argued December 3, 1937. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Nochem S. Winnet,* for appellant.

*Robert T. McCracken,* with him *Laurence H. Eldredge* and *Montgomery & McCracken* for appellee.

OPINION BY MR. JUSTICE BARNES, March 21, 1938:

Lavinia F. Whitman, a widow, died on March 30, 1900. Her will is dated June 18, 1894. At the time her will was executed her lineal descendants were her unmarried son, John Fanning Whitman, and a minor grandson, Henry Albert Stevens. The son did not marry until twelve years after his mother's death. His marriage to Anna Whitman was not a happy one, as the parties lived together but a short time before a separation took place; they continued to live apart until his death. No children were born of this marriage.

By the terms of her will, the testatrix provided for her grandson a separate trust of $10,000. After disposing of her personal effects outright to her son, she gave the residue of her estate in trust to pay the net income thereof to him for life.

The only question involved on this appeal is the construction to be placed upon the following clauses of the will disposing of the principal of the trust estate: "Should my son John Fanning Whitman marry and die leaving wife, and lawful issue, then all the income which he had been entitled to receive shall be paid to his wife, or if deceased shall be collected and applied to the education, maintenance and support of his child, or children, until the latter shall have attained legal age when the principal shall be paid to them absolutely, and in equal proportions. But in the event of the death of his children, and his wife is still living the whole of

the principal shall be paid to her. . . ." The will of the decedent further provides: "In the event of the death of my son and grandson, and their wives and lawful issue, and my brothers Doctor Barron Crowell Watson, and John Howell Watson, or either of them should be living, then the principal of my estate shall be equally divided between them or the survivor of them—Or in case of their death then my estate to be equally divided between the children of my brother Doctor Barron C. Watson. . . ."

The foregoing trust under the will terminated upon the death of the life tenant, John Fanning Whitman, on June 6, 1936. There was then surviving his estranged wife, Anna Whitman, whose death followed within several months, on February 8, 1937. The administratrix of her estate, Esther K. Gallagher, has been substituted as a claimant in the present proceeding, and is the appellant in this case. The brothers of testatrix, who are mentioned in her will, Doctor Barron Crowell Watson and John Howell Watson, were both deceased at the time the life tenant died. Dr. Barron C. Watson, the first mentioned brother, was survived by two children, —Paul Barron Watson, who is living and of full age, and Dr. Willis Watson, who died on January 6, 1928, prior to the death of the life tenant, and whose widow, Helen Watson, is stated to be the executrix of his estate.

Concerning the distribution of the corpus,* there are three different interpretations which may be placed upon these clauses of the will. First, whether it shall

---

* The fund for distribution was augmented by an additional sum of $10,000 arising from the trust created by the will, to pay the income to Henry Albert Stevens, the grandson of the testatrix, until his majority when he was to receive the principal absolutely. The grandson died on September 27, 1909, while still a minor, and the $10,000 trust, in accordance with the terms of the will, fell into the residue of the estate.

be awarded to Anna Whitman, the son's widow, not-withstanding there were no children born of her marriage to John Fanning Whitman; second, whether there is a gift over of the principal to Paul Barron Watson, surviving child of the deceased brother of testatrix; third, in the event of a gift over, whether the principal should be divided between Paul Barron Watson and the estate of his deceased brother, Willis Watson.

The auditing judge held that the intent of the testatrix was to provide for the son's widow only in the event the son was survived by issue, and that there was a gift over of the principal to Paul Barron Watson, to whom the award was made. The adjudication was confirmed by the court en banc, whereupon this appeal was taken by the administratrix of the estate of Anna Whitman, deceased.

The intention of the testatrix as expressed in the language of the will cannot be mistaken and must be given effect. It is clear that the son's widow is entitled to the principal of the trust estate only upon the occurrence of two contingencies: (1) the death of John Fanning Whitman survived by "wife and lawful issue," and (2) the death of such issue during their minority. As we have seen, these conditions were not fulfilled, as no issue were born of the son's marriage. Since they are conditions precedent to the right of the widow to take the principal of the trust estate, they must be strictly and literally performed.

Where such conditions have been imposed by will there can be no valid and effectual gift until they have been satisfied. It is well settled by our decisions that conditions precedent must be strictly performed: *Adams v. Johnson,* 227 Pa. 454; *Thompson's Est.,* 304 Pa. 349; *Wanamaker's Est.,* 312 Pa. 362; *Stauffer's Est.,* 117 Pa. Super. Ct. 386. As President Judge KELLER said in the latter case (p. 389) : "The will did not give an absolute unconditional bequest or devise to this appellant. Two

conditions precedent had to be fulfilled before the will passed a valid and effectual bequest and devise in Mrs. Richards' favor: (1) Mrs. Nima Stauffer had to die in the lifetime of the testator; (2) subsequent to Mrs. Stauffer's death, her sisters had to continue to provide a home for the testator, in the house where he was then living, satisfactory to him, up to the date of his death. If either of these conditions precedent did not happen or was not fulfilled, there was no valid bequest or devise in Mrs. Richards' favor."

On behalf of the widow it is also earnestly contended that the expression "wife *and* lawful issue" should be construed to mean "wife *or* lawful issue," in order to avoid the condition that issue be born of the marriage. The will must be interpreted as written. There is every indication therein that the intention of the testatrix is contrary to the disposition of her estate that would result from such an alteration of her will: *Worst v. De-Haven,* 262 Pa. 39; *Simpson's Est.,* 304 Pa. 396; *Golden's Est.,* 320 Pa. 4. As it was said in the early case of *Griffith's Lessee v. Woodward,* 1 Yeates 316, 319: "Courts of justice will transpose the clauses of a will, and construe 'or' to be 'and,' and 'and' to be 'or,' only in such cases when it is absolutely necessary so to do, to support the evident meaning of the testator. But they cannot arbitrarily expunge, or alter words, without such apparent necessity."

We are of opinion that the widow, now represented by the administratrix of her estate, is not entitled to take the principal of the trust fund.

The only party on whose behalf exceptions were filed to the adjudication of the court below was the widow. Since we have concluded that she has no interest in this estate, it is not necessary to review further the distribution directed by the adjudication. However, we are in accord with the opinion expressed by the learned auditing judge that it was clearly intended by the will that

those entitled to take the principal of the estate were to be determined as of the death of the life tenant, and not upon the death of the testatrix. At the time of the life tenant's death on June 6, 1936, the only person then surviving who came within the class entitled to take under the will was Paul Barron Watson, the son of Dr. Barron C. Watson, to whom the award of the entire principal was properly made.

Judgment affirmed.