## Lightner's Estate

*Walter B. Hays* and *McClean Stock*, for estate of Charles E. Lightner, claimant.

*Allen C. Wiest*, for Ervin S. Lightner, claimant.

GROSS, P. J., March 7, 1940.—From the record, the undisputed or admitted fact appear as follows:

Isabella E. Lightner, testatrix, died February 14, 1938, a widow, leaving her last will and testament in writing,

dated April 15, 1936, on which letters testamentary were granted to William E. Sprenkle, the executor therein named, wherein, after devising a certain house with its contents to her son, Ervin S. Lightner, and creating a trust in the sum of $1,000, primarily for the education of her grandson, child of her son, Charles A. Lightner, she provided as follows:

"I give and bequeath the sum of five hundred dollars to my son, Charles A. Lightner, if living at the time of my decease and if within two years from the time of my decease he shall make his whereabouts known and identify himself with reasonable certainty to my hereinafter named executor.

"All the rest, residue and remainder I order and direct my executor to sell and convert into money and I give and bequeath the proceeds thereof to my said son, Ervin S. Lightner.

"The above gift for the use of Re Lee Andrews Lightner and the gift to my son, Charles A. Lightner, and the gift of the residue of my estate to my son, Ervin S. Lightner, are made upon the condition that the same, or any part thereof, shall not be subject to anticipation, sale or assignment, or to seizure, levy or attachment for the payment of any debts now existing or hereafter created of the said beneficiaries and that said gifts shall be delivered and paid to the said beneficiaries as above directed."

The executor filed his first and final account, which was audited by this court, and an adjudication filed November 29, 1938, in which we awarded to the executor the sum of $500 under the above-quoted part of the will, who held the same for the purpose of permitting said Charles A. Lightner to make his whereabouts known, identify himself, and claim his legacy within the period of time limited by the will. The said Charles A. Lightner was absent at the time testatrix made her will, and the first information concerning his whereabouts was that he died in Chicago, Illinois, September 28, 1939, about one year and seven months after the death of testatrix, when

the body was identified and his whereabouts made known to his brother, Ervin S. Lightner. By reason of the illness of the executor, which resulted in his death on October 4, 1939, the information of the death of the said Charles A. Lightner was not communicated to the executor. No letters of administration d. b. n. c. t. a. on the estate of said testatrix have been granted. On January 1, 1940, G. Edward Sprenkle and Ervin S. Lightner, executors of the estate of said William E. Sprenkle, presented their petition to this court, setting forth that the above award of $500 was in the hands of the said William E. Sprenkle, executor of the estate of said Isabella E. Lightner, at the time of his death, and respectfully prayed this court to direct the payment of said fund to the persons legally entitled thereto. Claim for the fund was made by T. T. Shafer, an attaching creditor of said Charles A. Lightner, who, by his counsel at argument, properly admitted that he had no standing to make the claim. Claims for the fund were also made by Walter B. Hays, Esq., administrator pendente lite of the estate of Charles A. Lightner, deceased, and by Ervin S. Lightner, residuary legatee under the will of Isabella E. Lightner, testatrix.

These conflicting claims raise the question as to whether or not the legacy to Charles A. Lightner is vested or whether it is dependent upon the performance of a condition precedent which has not been met. If the legacy vested in Charles A. Lightner at the time of his mother's death, it passed upon his decease to his personal representatives; but, if it did not so vest, then under the authority of Knox's Estate (No. 2), 328 Pa. 188, it now passes under section 15 (c) of the Wills Act of June 7, 1917, P. L. 403, to Ervin S. Lightner as residuary legatee under the will of testatrix.

The basic rule for construction of all wills is to arrive at the intention of the testator, as expressed by the phraseology of the will itself. This principle needs no citation of authority; and, therefore, it is true that whether a condition shall be construed as precedent or

subsequent depends upon the intention of the testator as expressed in the will. See Thompson's Estate, 304 Pa. 349, 352. Smith on Executory Interests, sec. 13, says:

"A condition precedent is a direct condition which is not annexed to an estate created by a previous clause or instrument, but upon the fulfillment of which an estate or interest is to arise or be created"; and the same author, in section 12, says:

"A condition subsequent is a direct condition that is annexed to an estate or interest created by a previous clause or instrument, and upon the fulfillment or upon the breach of which, according to the form of the condition, such estate or interest is to be prematurely defeated or determined".

Testatrix bequeathed the sum of $500 to her son, Charles A. Lightner, not immediately but "if living at the time of my decease and if within two years from the time of my decease he shall make his whereabouts known and identify himself with reasonable certainty to my hereinafter named executor." She further provided that this legacy is made "upon the condition that the same, or any part thereof, shall not be subject to anticipation, levy or attachment for the payment of any debts now existing or hereafter created" by said Charles A. Lightner "and that said gift shall be delivered and paid to" said Charles A. Lightner "as above directed." It, therefore, seems clear that the conditions annexed by testatrix to this legacy clearly fit the definition of a condition precedent; that they were inseparably annexed to the gift and not a limitation upon its enjoyment, and, therefore, were intended by testatrix to be conditions precedent, and that the legacy did not vest until the conditions were strictly performed. See Whitman's Estate, 329 Pa. 377.

It has been argued, on behalf of the Charles A. Lightner estate, that there has been substantial performance of the conditions by the identification of his dead body before the two-year limitation had expired. With this argument we cannot agree.

If, as stated in Heller's Estate, 6 Berks 1, the conditions were construed as conditions subsequent, then the proof of the death of Charles A. Lightner and demand by the administrator of his estate would be a sufficient compliance with the conditions; but the Supreme Court, in Stover's Appeal, 77 Pa. 282, cited with approval in Thompson's Estate, supra, holds that, in case of a condition precedent, if death occurs before the conditions have been complied with, the legacy does not vest, and, unless otherwise disposed of in the will, under the authority of Knox's Estate (No. 2), supra, it passes under the residuary clause.

We have been referred to the case of Englefried v. Woelpart et al., Execs., 1 Yeates 40, where testatrix annexed a condition that the legatees "shall transmit proofs to the executors within six years after testator's death of their being alive". The legatees lived in Germany. Within the period required, proofs were prepared in Germany but were not delivered to the executors in this country until after the six-year period had expired; and it was there held that there was substantial performance of the condition. The Supreme Court pointed out that the condition was inserted by testator after making equal distribution among all his children and for the mere purpose of hastening the application for the money by such of his children as lived in Germany. As pointed out by the Supreme Court in that case, it was clear that testator did not mean to deprive them of their portion of the property if the proofs did not come in time, when they were prevented from sending them forward by inevitable accident. The Supreme Court further held that it is immaterial whether the condition be construed as precedent or subsequent under these circumstances.

In the instant case, however, there was no attempt of testatrix to make an equal distribution of her estate among her children. It is clear that she wanted to remember her son, Charles, but not on an equal basis with her

other son. Charles had absented himself; she did not know where he was, and her clear intention was to give him $500, if he were living and if he would properly identify himself. This he did not do, and, if death prevented his doing it, then under the authority of Stover's Appeal, supra, we think the condition upon which he or his estate would receive the legacy has not been met.

"The fact that a devisee is not at fault for the nonperformance of a condition precedent required, because he must do some act which he is incapable of performing, is immaterial": Gunning's Estate (No. 1), 234 Pa. 139 (syllabus).

"A condition precedent to a testamentary gift must be strictly and literally performed. . . .

"Partial compliance with a condition precedent to a testamentary gift is not sufficient": Wanamaker's Estate, 312 Pa. 362 (syllabus); Whitman's Estate, supra; Stauffer's Estate, 117 Pa. Superior Ct. 386.

Our conclusion is that the legacy given to Charles A. Lightner never vested, and that under section 15(c) of the Wills Act, supra, it passes to the residuary legatee, Ervin S. Lightner.

We think our conclusion is in harmony with the principles laid down in Campbell v. McDonald, 10 Watts 179, Thompson's Estate, supra, Appeal of Fairfax et al., 103 Pa. 166, and Adams v. Johnson, 227 Pa. 454. . . .

We, accordingly, enter the following decree:

And now, to wit, March 7, 1940, it is hereby ordered, adjudged, and decreed that, subject to the payment of the above costs, G. Edward Sprenkle and Ervin S. Lightner, executors of the estate of William E. Sprenkle, deceased, pay to Ervin S. Lightner, the residuary legatee under the will of said Isabella E. Lightner, deceased, the moneys awarded to said William E. Sprenkle, executor, in our adjudication filed in this court in the estate of said Isabella E. Lightner, deceased, on December 29, 1938, and fully referred to in the petition filed in this proceeding.