## Wasserman Estate

Before KLEIN, P. J., BOLGER, HUNTER, LEFEVER, SAYLOR and SHOYER, JJ.

122

*Milton A. Kamsler,* of *Folz, Bard, Kamsler, Goodis & Greenfield,* for exceptants.

*Joseph S. Iseman, Edwin S. Cohen, C. Leo Sutton,* and *Dilworth, Paxson, Kalish & Green,* contra.

KLEIN, P. J., December 30, 1955.—The question raised by these exceptions is a narrow one. Did testator's widow have the right, by implication, to exercise a power of appointment under her will to dispose of the corpus of this estate, no children having been born of her marriage to decedent? The auditing judge concluded that she did have such right, basing his decision principally upon Riegel et al. v. Oliver et al., 352 Pa. 244 (1945). We have studied this will carefully from its four corners and are in agreement with the auditing judge for the reasons so well set forth by him in the adjudication.

Counsel for the exceptant earnestly contends that the present case is squarely controlled by Whitman's Estate, 329 Pa. 377 (1937). In our opinion the auditing judge was clearly correct in concluding that Whitman's Estate is inapposite. In that case, the claimant, who was the widow of testatrix's son, was completely unknown to the testatrix, her marriage to the son having taken place 12 years after testatrix's death. In the present case testator's wife was obviously the primary object of his bounty and concern, she being the only beneficiary specifically designated by name in the will. The Whitman will provided for a gift over of the principal of the estate to the testatrix's brothers of their children, thereby making a complete disposition of decedent's estate. Rejection of the daughter-in-law's claim did not, therefore, create an intestacy. In the present case there is no gift over of principal, so that an intestacy would result if the exceptants

124

prevailed in their contention that the widow did not possess a power of appointment. Such an interpretation would contravene the strong presumption that testator intended to dispose of his entire estate, as well as the basic rule of construction requiring all doubts to be resolved against an intestacy. See cases cited in Hunter's Pa. O. C. Commonplace Book, Vol. 11, page 1435, et seq.

The exceptions are therefore dismissed, and the adjudication is confirmed absolutely.