## Kordecki Estate

*Romwald Kenowski*, for accountant.

*S. U. Colbassani*, for Apolinia Wishniewski.

*Walter L. Hill, Jr.*, for estate of Erik Wishniewski.

BRADY, P. J., January 23, 1956.—The last will and testament of decedent contains, inter alia:

"ITEM 3. I give, devise and bequeath one-fourth (¼) part of my estate to my son Erik, providing, however, that he makes application for this share within five (5) years of the date of my death. Otherwise, this devise is to lapse and this one-fourth (¼) share of my estate is to be due and payable to Apolonia Wishniewski in consideration of the various kind and humane services rendered by her for me during my life time.

"ITEM 4. All the rest and residue of my estate, real, personal or mixed I give, devise and bequeath to A. C. F. Kenowski, Attorney, in trust for my beloved wife,

Sophia Kordeck, Bydgush, Poland. UL. 1st of May, No. My Trustee to pay this devise over a period of time in small payments to cover food and clothing as my wife requests."

The testator died July 27, 1954, and his will, dated July· 23, 1954, was probated August 12, 1954. The testator's only son, Erik Kordecki, also known as Theodore Erik Norton, died intestate on September 6, 1954, a resident of New York County, N. Y. He was survived by his wife and infant child.

Erik's widow makes claims on behalf of the estate of her deceased husband. Apolonia Wishniewski also claims the one fourth estate, under the aforefound facts. The residue of the estate, under item 4, was bequeathed in trust for the benefit of the testator's widow, Sophia Kordecki, residing in Poland. . . .

What did the testator, John Kordecki, mean when he said: ". . . providing, however, that he makes application for this share within five (5) years of the date of my death. Otherwise, this devise is to *lapse* and the one-fourth (¼) share of my estate is to be due and payable to Apolonia Wishniewski . . ."?

What is the meaning of "he makes application"? Personal application? If Erik died before making application, did the gift *lapse?* Was application a condition precedent or subsequent? These questions were argued by the respective counsel of both claimants, and respective counsel, in support of opposite contentions, cited Stover's Appeal, 77 Pa. 282, and Lightner's Estate, 38 D. & C. 277.

It is clear that the testator used the word "lapse" in a broad and nontechnical meaning. He meant the gift would "lapse" if "application" was not made within five years from the testator's death. No provision was made to meet the contingency of the son's death within five years, nor did the testator say that the application must be *personally* made. Application

to whom? The court? The executor? In the opinion of the court, *application* means *request* for payment, made to the executor or the court; from the context of the will and the use of the word therein, it is the only reasonable meaning.

The one fourth share was an absolute gift to the testator's son Erik and vested, subject to be divested and go over to Apolonia Wishniewski if application (request for payment) was not made within five years from the death of the testator. The testator did not say *personal* application. In the opinion of the court, an application for the bequest on behalf of Erik's estate by the equitable owners thereof (widow and child) within the five years was sufficient compliance to the condition subsequent (application) under the circumstances of the son, Erik's, death. . . .