# Donaldson *v.* Pettit, Appellant.

*Will—Devise—Condition—Will speaking from death.*

Where a widow devises land to her son with a limitation that if he should endeavor to collect any claim from the estate of his deceased father, the devise should fail, and the son in his mother's lifetime does make a claim against his father's estate, but without knowledge of the provision in his

mother's will, and the testatrix with knowledge that such claim was made makes no change in her will, the son takes his devise, notwithstanding the limitation.

Submitted May 14, 1906.   Appeal, No. 164, April T., 1906, by defendant, from judgment of C. P. Mercer Co., April T., 1906, No. 22, for plaintiff on case stated in suit of James A. Donaldson v. William C. Pettit.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

The case stated was as follows:

Dr. F. Donaldson, late of the borough of Greenville, said county, died intestate on February 8, 1902, leaving to survive him a widow, Margaret C. Donaldson, and other heirs, among whom was the plaintiff in the case; letters of administration on the estate of the said Dr. F. Donaldson were duly issued by the proper officer of said county to the said Margaret C. Donaldson, and she filed her final account as administratrix of said estate at No. 12, June Term, 1902; an auditor was duly appointed to report a distribution of the funds in the hands of the said administratrix; and James A. Donaldson, the plaintiff in this case, on July 29, 1902, presented a claim before said auditor, for services rendered to the said Dr. F. Donaldson during his lifetime, and offered testimony concerning same, which claim was disallowed by the auditor, by report filed in the orphans' court of Mercer county, Pa., on September 15, 1902, at No 12, June Term, 1902, which report was confirmed absolutely by said court on September 25, 1902, all of which will appear by the report and records above referred to, which are hereby made a part of this statement.

That said Margaret C. Donaldson died on December 17, 1904, leaving her last will and testament, which has been duly probated in said county, wherein W. C. Pettit was appointed executor of her estate, and wherein she directed that all of her real estate should be sold as soon as was considered best by her executor, as will appear by a copy of said will hereto attached dated February 12, 1902, and marked exhibit "A," and made a part of this statement; that by the terms of a codicil to said will dated March 13, 1902, a copy of which is hereto attached, made a part of this statement, and marked

exhibit " B," the said James A. Donaldson is given the use of the following real estate for the term of his natural life, viz.: " All that certain lot of land, being a small three cornered piece situated in borough of Greenville, Mercer county, Pa., bounded north by an alley; east by lot of A. D. Gillespie; west by Water Street, on which is erected a two story brick building," which said real estate is valued at and worth $500. That in said codicil there is also the following clause, viz.: " Provided, however, if my said son, James A. Donaldson, shall involve my estate in litigation in any manner whatever, or shall endeavor to collect any bills or claims against my estate or that of my deceased husband, Dr. F. Donaldson, then the bequests made in this codicil are entirely revoked and my will shall be and remain as if this codicil had never been written."

If the court be of the opinion that the said James A. Donaldson, under the terms of the will of the said Margaret C. Donaldson, is entitled to the use of said real estate for the term of his natural life, then judgment is to be entered for the plaintiff the same as if a suit in ejectment had been instituted by the plaintiff in this case against W. C. Pettit, executor, etc., and a verdict rendered by a jury in favor of the plaintiff; but if not, then judgment to be entered for defendant, etc.

The court, in an opinion by WILLIAMS, P. J., entered judgment for plaintiff on the case stated, citing: Clarke's Est., 82 Pa. 528; Hutchins's Est., 9 Phila. 300; Stover's App., 77 Pa. 282; Mickey's App., 46 Pa. 337, and Chew's App., 45 Pa. 228.

*Error assigned* was the judgment of the court.

*J. M. Hittle*, for appellant.

*H. L. Keck* and *S. H. Miller*, for appellee.

OPINION BY BEAVER, J., October 5, 1906:

The question involved is thus stated by the appellant: " A made a will disposing of all her property, and subsequently executed a codicil giving a life estate in certain land to B, but provided that if B should endeavor to collect any claims against the estate of A's deceased husband, then the bequest should be entirely revoked and her will should remain as if the codicil had never been written. B endeavored to

collect some such claims in the lifetime of A, but they were rejected by an auditor. Is B entitled to a life estate in the land?"

If the presentation of a claim against B's father and evidence in support of such a claim be regarded as an "endeavor to collect," and if it be further stated that the codicil in question was made on March 13, 1902, that the claim upon the estate of his father was presented by the appellee on July 29, 1902, and that the testatrix died on December 17, 1904, we will have fairly before us the essential and pertinent facts contained in the case stated.

In contemplation of law, so far as the inheritance is concerned and for general purposes, a will takes effect only upon the death of the testator. "The very nature of the testamentary act, which is expected to take effect only at the time of the decease of the testator, presupposes that, so far as facts and circumstances are susceptible of anticipation by him, so as to enable him to place himself in the position he will then be, relatively to his property and his obligations to his family, that he will have used the language of his will, with reference more particularly to that period:" 1 Redfield on Wills, 379.

The Act of June 4, 1879, P. L. 88, provides: "That every will shall be construed with reference to the real estate and personal estate comprised in it, to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will."

The testatrix in this case had knowledge of what her son had done. He, presumably, had no knowledge of what was contained in his mother's will; at least there is no allegation in the case stated that notice of the limitations contained in his mother's will had been in any way conveyed to him until its publication. The testatrix lived for more than two years after her son presented the claim against his father's estate before the auditor. If she regarded what he did as a violation of the terms of her will, it was perfectly competent for her to have changed or destroyed her will and made a different disposition of her property. That she did not do so is evidence that she either did not regard the presentation of the claim of the son against the estate of his father as a violation of the conditions which she had imposed upon the devise to him contained in the

codicil of her will, or that she had determined to allow her disposition of her estate to remain notwithstanding.   The unreasonableness of holding the devisee to the performance of conditions of which he had no knowledge, and in the nature of the case no means of knowledge, is apparent, and, if the testatrix did not hold her son to the observance of the conditions which she had placed in her will, presumably without his knowledge, the law should not undertake to do so, except upon legal grounds which would compel it.   We do not think there are such grounds.

The question has been very fully and ably discussed in the opinion of the court below, which seems to us to cover the ground and render further discussion unnecessary.

Judgment affirmed.