# Gunning's Estate (No. 1).

*Wills—Construction—Legacies—Impossible and illegal gifts—Conditions precedent.*

1. Testatrix, after directing the sale of her real estate, gave certain legacies from the proceeds and then provided: "The income of the balance to be given to K. M., provided he is not living with the woman he married in 1899—one J. W., should she die, or he is divorced from her—that is finally divorced—he is to be given absolutely one half of the principal, and the interest of the other half as long as he lives. If he marries again he can by will leave all to his second wife and children. If he dies unmarried a second time without children the one half—or all his share—is to be equally divided between the children of W. G., C. G. and J. B. In no case is the present wife of K. M. to benefit by anything I leave him either in personal or real estate." At the time of testatrix's death K. M. was living with his wife, J. W. referred to in the will. *Held*, that the condition annexed to the gift to K. M. was precedent, was not originally either impossible or illegal, and that as he was living with his wife, J. W., at testatrix's death, the condition annexed to his legacy was not fulfilled and he was not entitled to take.

2. The fact that a devisee is not at fault for the nonperformance of a condition precedent required, because he must do some act which he is incapable of performing, is immaterial.

3. Wills should be construed to speak and take effect as if executed immediately before the death of the testator, unless a contrary intent shall appear.

4. In considering any restriction in a will there is no presumption of illegality; on the contrary, the presumption is in favor of innocence and validity.

5. The rule which makes void gifts based upon a future separation of husband and wife, does not apply to a legacy given with a condition that it shall only be effectual, if the legatee's wife, naming the particular person, should be dead or divorced from the legatee. In such a case the condition under which the legatee alone could take, must exist at the time of testator's death, and nothing that he could do thereafter would have any effect.

Argued Oct. 19, 1911. Appeal, No. 123, Oct. T., 1911, by Karl F. Miller, from decree of O. C. Allegheny Co., Feb. T., 1911, No. 133, dismissing exceptions to adjudication in Estate of Anna M. Gunning, deceased. Before

FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEW-ART and MOSCHZISKER, JJ.   Affirmed.

Exceptions to adjudication.   Before MILLER, J.
The opinion of the Supreme Court states the case.

*Error assigned* was in dismissing exceptions to adjudication.

*John M. Freeman,* with him *Harry F. Stambaugh, Francis R. Harbison,* and *D. T. Watson,* for appellant.—The conditions in the will annexed to the legacy to Karl F. Miller were intended by the testatrix and are, as a fact, an actual inducement to the legatee to separate from, obtain a divorce, or otherwise get rid of his wife, and are, therefore, illegal and void as against public policy and the claimant is entitled to the legacy free from the conditions: Wren v. Bradley, 2 DeG. & Sm. 49; Mayer v. McGraw, 10 York Leg. Rec. 5; Wilkinson v. Wilkinson, L. R. 12 Eq. 604; Conrad v. Long, 33 Mich. 78; Hawke v. Euyart, 30 Neb. 149 (46 N. W. Repr. 422); Matter of Haight, 51 N. Y. App. Div. 310 (64 N. Y. Supp. 1029); Potter v. McAlpine, 3 Dem. Sur. (N. Y.) 108; Cruger v. Phelps, 21 N. Y. Misc. 252 (47 N. Y. Supp. 61); O'Brien v. Barkley, 78 Hun, 609 (28 N. Y. Supp. 1049); Whiton v. Harmon, 54 Hun, 552 (8 N. Y. Supp. 119); Witherspoon v. Brokaw, 85 Mo. App. 169.

*J. C. Boyer,* with him *W. A. McConnell, Lazear & Blaxter* and *Lawrence B. Hurst,* for appellees.—The conditions attached to the bequest to Karl F. Miller are not illegal. Cooper v. Remsen, 3 Johnson's Ch. Rep. 382; Shewell v. Dwarris, Johnson, 172; Hoffman v. Hoffman, 30 Pa. 417.

*J. P. Patterson* and *Boyd Crumrine,* for children of Wesley Greer, Culbert Greer and John Blackford, appellees.

OPINION BY MR. JUSTICE POTTER, January 2, 1912:
By her last will, after providing for the sale of her real

estate, Anna M. Gunning gave from the proceeds, legacies aggregating $58,000, and then proceeded as follows: "The income of the balance to be given to Karl F. Miller, provided he is not living with the woman he married in 1899— one Jane Wilson, should she die, or he be divorced from her—that is finally divorced—he is to be given absolutely one half of the principal, and the interest of the other half as long as he lives. If he marries again he can by will leave all to his second wife and children. If he dies unmarried a second time without children the one half— or all his share—is to be equally divided between the children of Wesley Greer, Culbert Greer and John Blackford. In no case is the present wife of Karl F. Miller to benefit by anything I leave him either in personal or real estate."

At the time of testatrix's death Karl F. Miller was living with his wife, the Jane Wilson referred to in the will, whom he married in 1899. Upon the adjudication of the fourth account of the executor, which included the proceeds of the greater part of the real estate of testatrix, the auditing judge held that as Karl F. Miller was living with his wife when the testatrix died, the condition annexed to his legacy was not fulfilled, and he could not take it. Exceptions to the adjudication were filed on behalf of Karl F. Miller, which were dismissed by the court. Alleging that this was error, Miller has appealed. The auditing judge held that the condition annexed to the gift was precedent, and in this view we think he was unquestionably right. The condition provided by the testatrix for Karl Miller was one which must happen or be in existence before the estate dependent upon it could arise. No title to the estate to which she attached the condition could vest in Miller until the condition which she prescribed was fulfilled. This condition was, that Miller should not be living with the woman he married in 1899, one Jane Wilson. It limited the acquisition of the estate, and not its retention. There must be strict and literal performance of a condition precedent, and unless there is such the devisee takes no title. Admittedly, the condition

imposed was not met. Karl Miller was at the time of testatrix's death, and has ever since been, living with the wife to whom the testatrix referred, and whom she desired to exclude from any benefit even indirectly, under her will. "The fact that the devisee is not at fault for the nonperformance of the condition precedent required, because he must do some act which he is incapable of performing, is immaterial:" 1 Underwood on Wills, 486. In the opinion of the auditing judge, the time when the condition became effective and was to be met, was at the time of the death of testatrix. It was then that the gift to Miller was to take effect, providing he was "not living with the woman he married in 1899, one Jane Wilson." With this conclusion we also agree. In McKinley v. Martin, 226 Pa. 550, we said: "Wills should be construed to speak and take effect as if executed immediately before the death of the testator, unless a contrary intent shall appear: Act of June 4, 1879, sec. 1, P. L. 88." It is a fair construction of the language used by testatrix to regard the condition placed upon Miller's right to take as applying to the time when the will became effective, that is, at the time of her death. This avoids the inference that by postponing the time of fulfillment of the condition to a time subsequent to her death, the testatrix intended to hold out an inducement to Miller to separate from, or procure a divorce from his wife. The prime purpose of the condition evidently was to prevent the then wife, Jane Wilson Miller, from receiving any benefit under the will.

But the death of the wife in the natural course of events would have brought Miller within the terms of the gift. "In considering any restriction there is no presumption of illegality; on the contrary the presumption is in favor of innocence and validity:" Holbrook's Estate, 213 Pa. 93. And again in the same case it is said (p. 96): "The primary rule is to give effect to the intention of the testatrix, and the presumption is that the intent was lawful." The condition required by the testatrix was one of fact, and

that was to be determined as it existed, when the will took effect. That there is no gift over in case Miller does not meet the condition, does not alter the case. In Gilliland v. Bredin, 63 Pa. 393, the question was as to a pecuniary legacy. It was held that the condition was precedent, and Mr. Justice Agnew said (p. 397): "The condition was inseparably connected with the gift of the legacy, and not merely its payment. . . . There are numerous authorities that where the contingency is attached to the legacy itself, and not merely its payment, the legacy itself is contingent (citing several). The legacy not vesting until the condition has been performed, the want of a bequest over makes no difference."

If the condition under which Miller alone could take, must have existed at the time of testatrix's death, then nothing which he could do thereafter would have any effect. The rule which makes void gifts based upon a future separation of husband and wife, would not therefore apply to this case. Then too, the fulfillment of the condition precedent was not originally impossible or illegal; that is, as noted above, the death of the wife through natural causes, or a separation uninfluenced by any knowledge of the contents of the will prior to the death of testatrix, would have made it possible to meet the conditions. It is therefore unnecessary to take into consideration any difference between the rule of the common law and that of the civil law, which it is urged governs in the distribution of legacies as distinguished from devises. The point here urged being, that the condition only is void, and that the gift should be held to be absolute.

In the seventh assignment of error complaint is made of the admission of certain testimony to the effect that testatrix had stated about the time she made her will, that appellant had left his wife, was living apart from her, and was about to obtain a divorce. If, however, the court was right in construing the language of the will so as to prevent the interest given to the appellant from vesting, the admission of this testimony becomes immaterial. The

words in the will, "should she die, or he be divorced from her" apply to the principal of the estate, the income of which is given to the legatee provided he is not living with his wife. We think it is evident that this language refers to the same date as the former condition, the date of testatrix's death.

The assignments of error are overruled, and, in so far as the questions therein raised are concerned, the decree of the orphans' court is affirmed.