## Thompson's Estate.

Argued May 13, 1931.  Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*Marc Billett,* for appellant.—The lower court erred in construing the words mentioned in the third paragraph of the will as a condition precedent, and further in deciding that it had not been performed: Davis's Est., 275 Pa. 126; White's Est., 163 Pa. 388; Newell's App., 24 Pa. 197; Kennedy's App., 60 Pa. 511; Wahl's Est., 8 Pa. C. C. R. 309; Hutchins's Est., 9 Phila. 300.

*William W. Uttley,* with him *A. Reed Hayes* and *Paul G. Smith,* for appellees.—The formation of the partnership was a condition precedent to the vesting of the devise or bequest contained in paragraph three of the will: Stover's App., 77 Pa. 282; Gunning's Est., 234 Pa. 139; Carr's Est., 138 Pa. 352; Holbrook's Est., 213 Pa. 93; Adams v. Johnson, 227 Pa. 454.

By reason of the lapsing of the bequest the property therein bequeathed passes under the residuary clause of the will: Gilliland v. Bredin, 63 Pa. 393; Adam's Est., 11 Pa. D. & C. 644.

OPINION BY MR. JUSTICE WALLING, June 27, 1931:

Andrew M. Thompson, late of Mifflin County, died testate on November 25, 1927. He had long been engaged in the business of manufacturing hosiery, first with his brothers under the firm name of Thompson Brothers, and later alone under the same name. He was

survived by neither wife nor child; but his last will, made some five months prior to his death, provides in the first item for payment of his debts and by the second makes a $2,500 bequest to the church. The will further provides: Third. "I hereby bequeath, to be held in equal joint ownership, to Mrs. Helen McCartney, in recognition of her long and faithful service in the employ of my brothers and myself; my nephew, Albert Roland Thompson; and my niece's husband, Thomas O. Williamson, all the real estate and machinery and equipment owned by me at the time of my death, without deduction for inheritance or legacy taxes. The bequest mentioned in this paragraph is conditioned upon the formation of a partnership within one (1) year after my death by appropriate agreement, by the three people who are to receive it. They shall agree:

"To continue the business, conducted by my brothers and myself, under the name of 'Thompson Brothers,' without substantially changing the name. To have an equal share in the assets and profits of their firm. Should any of the three people herein mentioned predecease me, this bequest shall go to the other or others remaining.

"I hereby direct my executors and trustees to extend cash credits, for working capital, to the partnership to be formed by the legatees under this third paragraph, not exceeding thirty thousand ($30,000.00) dollars at any one time, upon their notes, which shall bear interest at five (5) per centum per annum. This credit shall be available for five years after the bequest is actually received." The fourth item creates a trust of the entire residue of the estate for the use of certain named collateral relatives. While the fifth and last paragraph appoints executors.

The nephew, Albert Roland Thompson, named in the third paragraph, was fifteen years of age when testator died and the Harrisburg Trust Company was appointed guardian of his estate. Following testator's death, Mrs.

McCartney and Mr. Williamson, the remaining beneficiaries named in paragraph three of the will sought to have the partnership therein mentioned created, but the minor's guardian, upon due consideration and in good faith, refused to join therein. After the year specified in paragraph three of the will had expired a controversy arose, inter alia, as to the validity of the bequest therein mentioned, whereupon the executors petitioned the orphans' court for a declaratory judgment. Answers were filed and after hearing and upon due consideration that court entered a final decree to the effect that the formation of the partnership was a condition precedent to the vesting of the bequest therein mentioned and that as it was not created the bequest became inoperative, null and void. Thereupon, Mrs. McCartney, one of the three beneficiaries named in the above paragraph, brought this appeal.

This may be a hard case, but we agree with the conclusion of the orphans' court. Whether a condition shall be construed as precedent or subsequent depends upon the intention of the testator as expressed in the will: 40 Cyc. 1689. Here the primary intent was to have the business continued in the name of Thompson Brothers, with some member of his family interested therein. As to this, we adopt the language of the orphans' court: "An examination of the entire will satisfies us that Mr. Thompson's prime purpose was to see that his business should continue under the trade name which he had used in his lifetime, and that one person of his own [family] should be a member of the partnership contemplated. To make certain that this relationship should be brought about, he designated, first of all, the partners and the share of each in the assets and profits of 'their firm' and then when he had provided for this and for the purpose of assuring its future, he devised his business property to these beneficiaries, if, and only if, the partnership should be formed within one year from his death. It seems clear, therefore, that this condition

was inseparably annexed to the gift and not a limitation upon its enjoyment. It is, therefore, a condition precedent." It was optional with the legatees whether they would accept the bequest, subject to the condition, but they could not take it otherwise. The intent of the testator could be carried out only by forming the partnership and taking over the property as such. The time for performance of the condition here being definitely limited to one year is a circumstance indicating that it is a condition precedent. Whereas, the fact that the time of performance is indefinite leads to the opposite conclusion. See Finlay v. King's Lessee, 3 Peters (U. S.) 346, 8 Curtis 438, 444; 28 R. C. L., p. 312. A devise to a son to be void if he is living with his divorced wife is a condition precedent and if he is not living with her at testator's death the estate vests: McKinley v. Martin, 226 Pa. 550. There seems to be no case in Pennsylvania directly in point, but it is stated in 40 Cyc. 1698, citing McCallum v. Riddell, 23 Ont. 537, that a bequest may be made upon condition that a partnership should be formed. A legacy given, provided the legatee appears and establishes his identity within a specified time is on a condition precedent (Stover's Appeal, 77 Pa. 282; Campbell v. McDonald, 10 Watts (Pa.) 179; 40 Cyc. 1692), and the principle is not different where a bequest is given on a condition that a partnership be formed within a stated time. Each is a necessary qualification to a receipt of the gift. A gift to A if he marry B within a year after testator's death would be a condition precedent, and there is no essential difference between marrying within a year and forming a partnership within that time.

Furthermore, the three legatees must unite in forming the partnership. No one can be compelled to enter such relation. Hence the guardian's refusal to join therein prevented a partnership and the failure to create the partnership defeated the gift. The two adult legatees could not form the partnership which testator specified

must be formed by the three. "A condition precedent must be strictly, literally and punctually performed": Adams v. Johnson, 227 Pa. 454, 456, citing Vanhorne's v. Dorrance, 2 Dall. 304, and other cases. The gift in the instant case was on the condition of the formation of the partnership within the year, that the business might be continued in the name of Thompson Brothers. That was in effect the consideration for the gift; in which case it will be treated as a condition precedent: Adams v. Johnson, supra, p. 459. In the case last cited, the devise was to Anna Bell Adams, provided she continue to live with testator's widow until her death and it was held a condition precedent, the failure to comply with which, regardless of the reason, defeated the gift. The result was not changed by the fact, which the jury found, that she was compelled to separate from the testator's widow through the latter's misconduct. Where the condition is attached to the legacy and not merely to its payment the legacy is contingent; it will not vest until the condition has been performed and the want of a bequest over makes no difference: Gilliland v. Bredin, 63 Pa. 393. It matters not in the instant case that the two adult beneficiaries were ready and tried to create the partnership and offered to join either a general or limited partnership or form a corporation and that the failure to establish the partnership was through no fault of theirs. It is no excuse that the failure to perform a condition precedent is through no fault of the legatee: Gunning's Estate (No. 1), 234 Pa. 139; Carr's Estate, 138 Pa. 352. When the testator made the bequest on the condition that the three form a partnership, he placed it in the power of one of them to defeat the gift by refusing to join therein. So long as the disposition is lawful, a testator may do as he likes with his property: Holbrook's Estate, 213 Pa. 93.

Under the will the minor took a one-fifth interest in the residuary estate as he also did as to that of which testator died intestate; while he is given a one-third

interest in the estate mentioned in paragraph three. So it cannot be urged that the refusal to join the partnership was done to increase his patrimony. It was, however, because the business of Thompson Brothers, formerly prosperous, had been running at a loss during the last years of testator's life and its continuance might prove disastrous, especially in view of the depressed economic conditions. Testator's entire estate amounted to approximately $480,000, whereas, the amount named in the third paragraph of the will was only about $55,-000, and on behalf of the guardian the fear was expressed that a continuance of the business might jeopardize the minor's interest in the entire estate; and also that the credit of $30,000 provided in the will was not sufficient to meet the necessities of the business, if continued.

As neither of the three legatees here in question died before the testator, the provision as to survivorship never took effect. The bequest contained in the third paragraph of the will having failed the property mentioned therein became a part of the residuary estate. Clause C of section 15 of the Wills Act of June 7, 1917, P. L. 403, 408 (see Mitchell's Estate, 79 Pa. Superior Ct. 208), expressly so provides.

As the question whether the power of sale conferred upon the executors embraces the property mentioned in paragraph three of the will is not suggested in the statement of question involved, we express no opinion thereon.

The decree is affirmed and the appeal is dismissed at the cost of appellant.