Stauffer's Estate.

Argued December 12, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*M. A. Kilker*, and with him *Cyril C. Kilker*, for appellant.

*R. P. Swank*, for appellee.

Opinion by Keller, P. J., April 15, 1935:

The decedent, a single man, left a will, by which he left all his estate to his sister-in-law, Nima D. Stauffer, provided she survived him. He then directed: "2. If my above named sister-in-law, Nima

D. Stauffer, should die before date of my death, then I give, devise and bequeath all of my estate, real, personal and mixed, to my sisters-in-law, Mrs. Fannie Richards, and Mrs. Ida Barnhard, share and share alike and in fee simple, upon condition, however, that my said two sisters-in-law, Mrs. Fannie Richards and Mrs. Ida Barnhard, continue to provide a home satisfactory to me, where I am now living, up to the date of my death. 3. If it should happen that my said sisters-in-law, Mrs. Fannie Richards and Mrs. Ida Barnhard, do not continue to provide, in a satisfactory manner, for my board and lodging, and also care and nursing while in ill-health, to date of my death, in the home I now occupy, then and in that event I give, devise and bequeath all of my said estate, real, personal and mixed, to those entitled thereto under the provisions of the intestate laws of Pennsylvania.''

The will was signed on January 17, 1929. He was living, at the time, with his sister-in-law, Nima D. Stauffer, in a house which he and his brother, L. D. Stauffer, the husband of Nima D. Stauffer, had built and owned together. L. D. Stauffer died and willed his half interest in the house to his wife, who continued to live there with her brother-in-law, this decedent. She died on March 31, 1929. Fannie Richards and Ida Barnhard were her sisters. About the time of Mrs. Nima Stauffer's death, her sister, Fannie Richards (Walsh) and the latter's husband, Mr. Walsh, came to live in the 'Stauffer house,' and the decedent continued to live with them for about a year after Mrs. Nima Stauffer died. He then moved away from the 'Stauffer house,' and went to live with Samuel Long, the executor of his will, with whom he resided until his death, about two years later. He died March 14, 1932. Mrs. Barnhard never lived in the 'Stauffer house' nor took any part in providing a satisfactory home for the decedent. The learned court

below found as a fact, and there is evidence in the record to support the findings: "(4) That Fannie Richards and Ida Barnhard did not provide board and lodging to decedent, or provide for his care and nursing while he was in ill-health, in the Stauffer home, for approximately two years immediately preceding his death. (5) That decedent left the Stauffer home because he was not satisfied with conditions there." It accordingly determined that the bequest and devise to Mrs. Richards and Mrs. Barnhard never became effective and distributed the balance shown in the account among the decedent's next of kin. Mrs. Richards appealed.

We think the court below was right.

The will did not give an absolute unconditional bequest or devise to this appellant. Two conditions precedent had to be fulfilled before the will passed a valid and effectual bequest and devise in Mrs. Richards' favor: (1) Mrs. Nima Stauffer had to die in the lifetime of the testator; (2) subsequent to Mrs. Stauffer's death, her sisters had to continue to provide a home for the testator, in the house where he was then living, satisfactory to him, up to the date of his death. If either of these conditions precedent did not happen or was not fulfilled, there was no valid bequest or devise in Mrs. Richards' favor. The first condition did happen; but, according to the finding of the learned court below, the second was not performed. The testator was the sole judge of whether a satisfactory home was provided for him. The fact that one year after Mrs. Stauffer's death he left that home and lived for the balance of his lifetime—two years—elsewhere, would require but slight additional proof of the home not being satisfactory, to justify a finding that he left the home because he was not satisfied with it. There

was no bargain or agreement between the testator and this appellant that any such provision should be made in his will. It was a voluntary act on his part and he could hedge it about with such conditions precedent as he saw fit. There was no compelling reason why he should change his will, if he left the Stauffer house because he was dissatisfied with the home provided for him there by Mrs. Richards; for the will itself provided that the clause should be non-effective unless she was providing a satisfactory home for him in the Stauffer house up to the time of his death.

A testator may legally make a gift by will dependent on the happening of a condition precedent; and, if he does, the donee takes nothing unless the condition be fulfilled: Adams v. Johnson, 227 Pa. 454, 456, 76 A. 174; Gunning's Est., 234 Pa. 139, 141, 142, 83 A. 60; Thompson's Est., 304 Pa. 349, 354, 155 A. 925; Wanamaker's Est., 312 Pa. 362, 368, 167 A. 592.

In Donaldson v. Pettit, 31 Pa. Superior Ct. 567, the case chiefly relied on by the appellant, the testatrix gave her son the use of certain real estate for the term of his natural life, subject to the proviso, inter alia, that if the son should endeavor to collect any bills or claims against the estate of his deceased father, the 'bequest' should be revoked. The devise was not, as here, only to come into being upon the happening or fulfillment of a condition precedent. To the extent, if any, that the opinion in that case is in conflict with the decision here made, it is overruled.

The decree is affirmed at the costs of the appellant.