**Simpson's Estate**

324

*John Mulford, E. F. Colladay,* and *D. C. Colladay,* for exceptant.

*W. Nelson L. West,* for trustees.

BOLGER, J., February 4, 1938.—In addition to the facts appearing in the adjudication, exceptant and Simpson College have submitted a stipulation of additional facts, which are as follows:

1. That exceptant elected in the estate of Sarah Elizabeth Simpson, at the audit of the account before President Judge Van Dusen, to take $100,000 in lieu of the real estate and residuary devises contained in that will, in satisfaction of the joint pledge of the three sisters. This amount has been paid.

2. The Penn Street property was appraised in the amount of $144,000 by two disinterested appraisers at the time of the said election; this appraisal, however, is challenged by Simpson College, which claims it represents double the actual value.

3. The Board of Trustees of American University on November 9, 1936, passed a motion that, "In view of the necessity for the development as soon as possible of adequate physical properties for the use of the Graduate School and the School of Public Affairs, and in view of the Simpson Estate Pledge, the trustees affirm their purpose of including in said properties a unit to be called 'The Bishop and Mrs. Matthew Simpson Memorial Hall of Nations.' "

4. That the American University is an educational corporation authorized and existing under special acts of Congress, one of which provides, inter alia, that two thirds of the board of trustees shall at all times be members of the Methodist Episcopal Church. It further appears that the said acts not only do not confine the board of trustees, the teaching staff, or the student body, exclusively to any one religious sect or denomination, but, further, do not mention any religious sect or denomination in any connection, except as noted; and that aside from complying with the said requirement as to membership of the board, the university is not and never has been under the control and management of the Methodist Episcopal Church.

In our opinion, these additional stipulated facts do not in any way affect the action of the auditing judge. Therefore, we will pass upon them as well as the facts as recited by Judge Bok.

The exceptions all relate to the action of the auditing judge in attaching the conditions enumerated in Paragraphs III, B, 2, (a), (b), (c), and (d), to the award of the one-third interest of the exceptant, American University, in the residuary estate under paragraphs III, B, 5, (c), (3) of testator's will.

Having, by force of circumstances, elected to take the $100,000 in payment of the pledge and thereby forfeit its right as specifically provided under the Sarah Elizabeth Simpson will, the American University claims its residuary share of this estate free of conditions. It asks us to hold contrary to what the auditing judge found the intent of the testatrix to be as disclosed by the language of her will. In effect it suggests that what she really meant was that should she not survive her sister and should for any reason the gift of the Penn Street real estate not be made by her sister to or be accepted by the American University, nevertheless exceptant should take its residuary one-third interest absolutely. With this view we are not in accord.

On the contrary, we conclude the auditing judge was correct in his determination of the testatrix's intent and, consequently, in the award as made by him. This is more especially true by reason of the fact that exceptant refused to accept the realty gift under the will of Sarah Elizabeth Simpson, thereby breaching the first and antecedent condition contained in both wills, and, as found by the auditing judge and by the court in banc, constituting part of the dispositive language of the residuary gift.

In Wanamaker's Estate, 312 Pa. 362, 368, the court said, quoting from Gunning's Estate (No. 1), 234 Pa. 139:

" 'There must be strict and literal performance of a condition precedent, and unless there is such, the devisee takes no title.' "

By reason of the testatrix having provided an alterna-

tive limitation of this gift to Simpson College, we are not faced with the possibility of an intestacy.

The exceptions are dismissed and the adjudication confirmed absolutely.