## Imboden v. Hosler

*Donald E. Williams*, for plaintiff.
*Alfred V. Papa*, for defendants.

POWERS, J., April 29, 1961.— . . .

Margaret Sollsberger provided in her will:

"2. I give, devise and bequeath all of my property, personal or mixed, including my dwelling house property in Enon Valley, Lawrence County, Pennsylvania, to FRED HOSLER and RENA HOSLER, his wife, on condition that said FRED HOSLER and RENA HOSLER, his wife, shall provide a home for JOHN IMBODEN for life."

Margaret Sollsberger in her will gave the property to Fred and Rena Hosler on condition that they provide a home for John Imboden. We have found no case exactly the same, but, with the above in point, we hold the provision to be a condition precedent.

A condition is defined to be "any qualification, restriction or limitation annexed to a gift, and modifying or destroying essentially its full enjoyment and disposal": Schouler on Wills, sec. 598, quoted in Adams v. Johnson, 227 Pa. 454 (1910).

Conditions on which estates are limited in wills may be precedent or subsequent. If precedent, the estate does not vest until the condition is fulfilled; if subsequent, it is liable to be devised on the subsequent failure of the condition. In construing a particular provision of a will, the intention of the devisor to create an estate on condition governs, but it must be manifested in express terms or by clear implication, and it is to be gathered from the whole instrument and the existing facts: Adams v. Johnson, supra.

In Pennsylvania, the right of a man to do as he will with his own has always been liberally construed. Accordingly, a donor, not under any obligation to give, may give with such condition as he pleases, subject only to the restriction that the condition shall not be clearly illegal. The primary rule is to give effect to the intention of testatrix, and the presumption is that

the intent was lawful: Holbrook's Estate, 213 Pa. 93 (1905).

In the case of Thompson's Estate, which was somewhat of a corollary to the present will condition, Mr. Thompson left all of his real estate and machinery and equipment to three persons, upon condition that they form a partnership within one year after his death by appropriate agreement. The court therein stated that, whether a condition shall be construed as precedent or subsequent depends upon the intention of testator as expressed in the will, and that therein the primary intent was to have the business continued in the name of Thompson Brothers and some member of the family interested therein. The lower orphans' court judge stated that the entire will satisfied him that Mr. Thompson's prime purpose was to see that his business should continue under the trade name, which he had used in his lifetime. It was therein held that the failure of the three parties named to form a partnership within the time specified defeated the gift under the will: Thompson's Estate, 304 Pa. 349.

Both Margaret Sollsberger and John Imboden were aged people who made their common home in a house in Enon Valley. Mrs. Sollsberger had no relatives closer than nephews with whom she had any association. She and Mr. Imboden had made their way in life together for a number of years, and she naturally desired to provide a place for him where he might live after her death, and she thought this best could be done by permitting him to remain in the home wherein they resided. Mr. and Mrs. Hosler were merely neighbors whom she had not known for a long period of time and who had assisted her in her last illness and shown her kindness in that regard. For them to receive a vested fee in her home and property after the decease of John Imboden, who had, even before her death,

suffered from a serious disease, would be a liberal reward to bestow on Mr. and Mrs. Hosler for their services. It was under these circumstances that she devised her property to defendants on the condition that they shall provide a home for John Imboden for life. These circumstances alone and the nature of her devise should clearly be construed to indicate that Mr. Imboden was the primary object of Mrs. Sollsberger's bounty. The intent of Mrs. Sollsberger can hardly be anything other than that. Upon compliance of the condition attached to the devise, the title would vest in Mr. and Mrs. Hosler. Upon their failure to comply with the condition, no title would ever vest in them. Her purpose appears to be to use what compulsion she could upon Mr. and Mrs. Hosler to require them to provide a home for him. The right of defendants to the real estate and other property depends upon their performance, which has not been and could not possibly be performed until the end of his life.

In Stauffer's Estate, 117 Pa. Superior Ct. 386 (1935), decedent devised all of his estate to his sister-in-law, provided she survived him. He then directed that if she should die before his death, then he gave, devised and bequeathed all of his estate to two other sisters-in-law, Fanny Richards and Ida Barnhart, in fee simple, upon condition, however, that "my said two sisters-in-law continue to provide a home satisfactory to me where I am now living up to the date of my death." A further provision stipulated that upon failure of this continuance to provide in a satisfactory manner, his estate was devised in accordance with the intestate laws of Pennsylvania. In many aspects, this case is not dissimilar with the present action. It is true there is a gift over in the event of failure of the condition. This gift over, however, merely devises the estate in accordance with the intestate laws of Pennsylvania, which result a breach of such condition should

bring about even without any devise over. The court, in the Stauffer Estate, upon a finding that Fanny Richards and Ida Barnhart did not provide board and lodging to decedent or provide for his care and nursing while he was in ill health in the Stauffer home, determined that the bequest and devise to Richards and Barnhart never became effective. This determination was affirmed on appeal. Without a question, Mr. Stauffer provided a more accurate criterion for determining whether or not the condition had been fulfilled than does the will of Mrs. Sollsberger. Mrs. Sollsberger's will does, however, state what the condition is, and the issue of performance is determinable. There must be a strict and literal performance of a condition precedent, and, unless there is such, the devisee takes no title: Thompson's Estate, 304 Pa. 349, quoted in Wanamaker's Estate, 312 Pa. 362, at 368 (1933). In the last cited case, there was up for consideration the singular question as to whether or not there had been compliance with the condition imposed by testator. The court stated that we must look at the matter from the position of testator drafting the codicil. This statement of the court indicates that the issue of performance must be determined from the surrounding facts and the situation and position of testator at the time of the making of the last will. Together, testatrix and Mr. Imboden had been able to provide a home for themselves, and it is apparent that her concern was for the provision of a home for John Imboden. As to whether or not the condition has been met by the performance to date, or whether the same has been breached by the conduct of defendants, the recorded evidence must govern. . . .

### Decree Nisi

Now, April 29, 1961, we make the following decree nisi:

1. That defendants, Fred Hosler and Rena Hosler, his wife, be adjudged to hold title to the premises devised by Margaret Sollsberger, deceased, subject to the condition imposed by said devise and subject to the rights of John Imboden.

2. That defendants be restricted and restrained from preventing the movements of plaintiff, John Imboden, in, into and through any portion of the aforesaid real estate and dwelling house in which he now resides and from removing or moving any of the personal properties into or therefrom, all or any part thereof.

3. That defendants, Fred Hosler and Rena Hosler, his wife, be restrained and enjoined from making their home and quarters in the dwelling house devised by the will of Margaret Sollsberger, deceased, to the exclusion of the said John Imboden.

4. That defendants be required to return unto John Imboden, and are ordered to forthwith return unto said John Imboden, all of the personal property owned by him which has been withheld from his possession by means of padlocks and other confining devices.

5. That defendants are hereby enjoined and restrained and are hereby ordered to desist from interfering with the use and occupancy of the home devised by Margaret Sollsberger or in any way disrupting plaintiff, John Imboden, from the peaceful enjoyment of the home provided for him under the last will and testament of Margaret Sollsberger, deceased.

6. That defendants are enjoined and are hereby restrained and are ordered to cease and desist all provocation of John Imboden by in any manner restricting his movements by deliberate means and/or from creating noises and disturbances designed to provoke the said person: this decree to become final if no exceptions are filed within 20 days from this date.